CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JORGE DE JESUS, *individually and on behalf*
*of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | |
| CARNEGIE VALET CLEANING CORP., | **COLLECTIVE ACTION UNDER** |
| CARNEGIE LINEN SERVICES, INC. (D/B/A | **29 U.S.C. § 216(b)** |
| CARNEGIE LINEN SERVICES, INC.), | |
| GOTHAM CLEANERS, INC. (D/B/A | **ECF Case** |
| GOTHAM CLEANERS) and CORY | |
| PERLSON, | |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Jorge De Jesus ("Plaintiff De Jesus" or "Mr. De Jesus"), individually and on behalf

of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge

and belief, and as against Carnegie Valet Cleaning Corp., Carnegie Linen Services, Inc. (d/b/a

Carnegie Linen Services, Inc.), and Gotham Cleaners, Inc. (d/b/a Gotham Cleaners), ("defendant

corporations") and Cory Perlson, ("Individual Defendant"), (collectively, "Defendants"), alleges

as follows:

## NATURE OF ACTION

1.      Plaintiff De Jesus is a former employee of Defendants Carnegie Valet Cleaning

Corp., Carnegie Linen Services, Inc. (d/b/a Carnegie Linen Services, Inc.), Gotham Cleaners, Inc.

(d/b/a Gotham Cleaners), and Cory Perlson.

2.      Upon information and belief, Defendants own(ed), operate(d), or control(led) a laundry service, under the names "Carnegie Valet Cleaning Corp.," "Carnegie Linen Services, Inc." and "Gotham Cleaners."

3.      Upon information and belief, individual Defendant Cory Perlson serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff De Jesus was employed as a washer at the laundry service located at 874 E 139th St Bronx, NY 10454, and 420 Timpson Pl, Bronx, NY 10455, respectively.

5.      At all times relevant to this Complaint, Plaintiff De Jesus worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff De Jesus appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff De Jesus wages on a timely basis.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff De Jesus Defendants' conduct extended beyond Plaintiff De Jesus to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Jesus and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff De Jesus now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff De Jesus seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff De Jesus's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundry service located in this district. Further, Plaintiff De Jesus was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Jorge De Jesus ("Plaintiff De Jesus" or "Mr. De Jesus") is an adult individual residing in Bronx County, New York.

15.     Plaintiff De Jesus was employed by Defendants at Carnegie Linen Services, Inc., and Gotham Cleaners from approximately 2016 until on or about January 2020, and then from approximately July 2020 until on or about January 2023.

16.     Plaintiff De Jesus consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own(ed), operate(d), or control(led) a laundry service, located at 874 E 139th St Bronx, NY 10454, under the name "Carnegie Linen Services, Inc.", and at 420 Timpson Pl, Bronx, NY 10455, under the name "Gotham Cleaners".

18.     Upon information and belief, Carnegie Valet Cleaning Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains (or maintained) its principal place of business at 874 E 139th St Bronx, NY 10454.

19.     Upon information and belief, Carnegie Linen Services, Inc. (d/b/a Carnegie Linen Services, Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains (or maintained) its principal place of business at 874 E 139th St Bronx, NY 10454.

20.     Upon information and belief, Gotham Cleaners, Inc. (d/b/a Gotham Cleaners) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains (or maintained) its principal place of business at 420 Timpson Pl, Bronx, NY 10455.

21.     Defendant Cory Perlson is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cory Perlson is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Cory Perlson possesses (or possessed) operational control over Defendant Corporations, an ownership interest in

Defendant Corporations, and controls (or controlled) significant functions of Defendant Corporations. He determines (or determined) the wages and compensation of the employees of Defendants, including Plaintiff De Jesus, establishes (or established) the schedules of the employees, maintains (or maintained) employee records, and has (or had) the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate (or operated) a laundry service located in a neighborhood in the Bronx.

23.     Individual Defendant, Cory Perlson possesses (or possessed) operational control over Defendant Corporations, possesses (or possessed) ownership interests in Defendant Corporations, and controls (or controlled) significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff De Jesus's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De Jesus, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff De Jesus (and all similarly situated employees) and are Plaintiff De Jesus's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff De Jesus and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendant Cory Perlson operates (or operated) Defendant Corporations as either an alter ego of himself and/or fails (or failed) to operate Defendant Corporations as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporates entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff De Jesus's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff De Jesus, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff De Jesus's services.

30.     In each year from 2017 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff De Jesus is a former employee of Defendants who was employed as a washer.

33.     Plaintiff De Jesus seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge De Jesus*

34.     Plaintiff De Jesus was employed by Defendants from approximately 2016 until on or about early January 2020 and from approximately July 2020 until on or about January 14, 2021.

35.     Defendants employed Plaintiff De Jesus as a washer.

36.     Plaintiff De Jesus regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

37.     Plaintiff De Jesus's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff De Jesus regularly worked in excess of 40 hours per week.

39.     From approximately January 2017 until on or about early January 2020, Plaintiff De Jesus worked from approximately 4:00 p.m. until on or about 6:30 a.m., 4 days a week (typically 58 hours per week).

40.     From approximately July 2020 until on or about November 2020, Plaintiff De Jesus worked from approximately 7:00 a.m. until on or about 6:00 p.m., 3 days a week (typically 33 hours per week).

41.     From approximately December 2020 until on or about January 14, 2021, Plaintiff De Jesus worked from approximately 7:00 a.m. until on or about 6:00 p.m., 6 days a week (typically 66 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff De Jesus his wages by check.

43.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff De Jesus $11.00 per hour.

44.     From approximately January 2018 until on or about early January 2020, Defendants paid Plaintiff De Jesus $15.00 per hour.

45.     From approximately July 2020 until on or about November 2020, Defendants paid Plaintiff De Jesus a fixed salary of $125 per day.

46.     From approximately December 2020 until on or about January 14, 2021, Defendants paid Plaintiff De Jesus a fixed salary of $200 per day.

47.     Although Defendants granted Plaintiff De Jesus a daily break, it was often interrupted and cut short.

48.     From approximately July 2020 until on or about January 14, 2021, Plaintiff De Jesus was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

49.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff De Jesus regarding overtime and wages under the FLSA and NYLL.

50.    Defendants did not provide Plaintiff De Jesus an accurate statement of wages, as required by NYLL 195(3).

51.    Defendants did not give any notice to Plaintiff De Jesus, in English and in Spanish (Plaintiff De Jesus's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De Jesus (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

53.    Plaintiff De Jesus was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54.    Defendants' pay practices resulted in Plaintiff De Jesus not receiving payment for all his hours worked, and resulted in Plaintiff De Jesus's effective rate of pay falling below the required minimum wage rate.

55.    Defendants habitually required Plaintiff De Jesus to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

56.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De Jesus (and similarly situated individuals) worked, and to avoid paying Plaintiff De Jesus properly for his full hours worked.

59.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De Jesus and other similarly situated former workers.

61.     Defendants failed to provide Plaintiff De Jesus and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62.     Defendants failed to provide Plaintiff De Jesus and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63.    Plaintiff De Jesus brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64.    At all relevant times, Plaintiff De Jesus and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

65.    The claims of Plaintiff De Jesus stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

66.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

67.    At all times relevant to this action, Defendants were Plaintiff De Jesus's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power

to hire and fire Plaintiff De Jesus (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70.    Defendants failed to pay Plaintiff De Jesus (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71.    Defendants' failure to pay Plaintiff De Jesus (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72.    Plaintiff De Jesus (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

73.    Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

74.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff De Jesus (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75.    Defendants' failure to pay Plaintiff De Jesus (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.      Plaintiff De Jesus (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77.      Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

78.      At all times relevant to this action, Defendants were Plaintiff De Jesus's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff De Jesus, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff De Jesus less than the minimum wage.

80.      Defendants' failure to pay Plaintiff De Jesus the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81.      Plaintiff De Jesus was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

82.      Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

83.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De Jesus overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

84.     Defendants' failure to pay Plaintiff De Jesus overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff De Jesus was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

86.      Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants failed to provide Plaintiff De Jesus with a written notice, in English and in Spanish (Plaintiff De Jesus's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

88.     Defendants are liable to Plaintiff De Jesus in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

89.     Plaintiff De Jesus repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff De Jesus with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.     Defendants are liable to Plaintiff De Jesus in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

92.     Plaintiff De Jesus repeats and realleges all paragraphs above as though set forth fully herein.

93.     Defendants did not pay Plaintiff De Jesus on a regular weekly basis, in violation of NYLL §191.

94.     Defendants are liable to Plaintiff De Jesus in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff De Jesus respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Jesus and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De Jesus and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff De Jesus's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff De Jesus and the FLSA Class members;

(f)     Awarding Plaintiff De Jesus and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff De Jesus and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Jesus;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De Jesus;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff De Jesus;

(k)    Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff De Jesus's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff De Jesus;

(n)    Awarding Plaintiff De Jesus damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable;

(o)    Awarding Plaintiff De Jesus damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff De Jesus liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff De Jesus and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)     Awarding Plaintiff De Jesus and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff De Jesus demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

June 7, 2023

CSM LEGAL, P.C

By:      /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 9, 2023

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jorge De Jesus Victoriano

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     9 de Febrero 2023

*Certified as a minority-owned business in the State of New York*