UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JORGE DE JESUS,

                        Plaintiff,

          -v-                               23 Civ. 4783 (PAE) (SLC)

GOTHAM CLEANERS, INC., *et al.*,                OPINION & ORDER

                        Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On June 7, 2023, plaintiff Jorge De Jesus filed this action against defendants Gotham Cleaners Inc. and Cory Perlson (collectively, "Gotham" or "defendants"), bringing claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") § 650 *et seq.* Dkt. 1.[1] After Gotham failed to appear, respond to the Complaint, or take any other action in this case, on October 31, 2023, this Court entered default judgment in favor of De Jesus, Dkt. 40, and referred the matter to United States Magistrate Judge Sarah L. Cave for an inquest into damages, Dkt. 41.

Before the Court is the Report and Recommendation issued by Judge Cave on August 1, 2024, which recommends that the Court hold defendants jointly and severally liable to De Jesus for (1) $8,121.36 in damages, plus post-judgment interest and pre-judgment interest; (2) $1,960

---

[1] The Complaint also named as defendants Carnegie Valet Cleaning Corporation and Carnegie Linen Services, Inc. (d/b/a Carnegie Linen Services). De Jesus voluntarily dismissed his claims against them pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 38.

in attorney's fees; and (3) $542 in costs. Dkt. 49 (the "Report"). For the following reasons, the Court adopts the Report in full.

## I. Background

On October 31, 2023, Judge Cave issued an order: (1) directing De Jesus to file proposed findings of fact and conclusions of law as to damages and fees by November 30, 2023, supported with relevant evidentiary material; (2) setting a deadline for Gotham to respond to De Jesus's proposed findings; and (3) admonishing Gotham that, in the event it failed to timely respond, Judge Cave would issue a damages recommendation based on De Jesus's submissions. Dkt. 42. On November 30, 2023, De Jesus filed proposed findings of fact and conclusions of law, Dkt. 44, and a supporting affidavit, invoice for legal services, and documentation of costs, Dkt. 45. Gotham did not respond to De Jesus's submissions or otherwise appear.

On August 1, 2024, Judge Cave issued the Report. Dkt. 49. The Report stated that the parties shall have 14 days from service of the Report to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Dkt. 49 at 34. To date, neither party has filed objections to the Report.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009), *aff'd*, 453 F. App'x 88 (2d Cir.2011) (summary order)) (internal quotation marks

omitted); *see also, e.g., Mims v. Walsh*, No. 4 Civ. 6133, 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (citing *Edwards v. Fischer*, 414 F.Supp.2d 342, 346–47 (S.D.N.Y.2006)).

Because neither party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," both parties' failure to object operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (citing *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992)).

### III. Conclusion

For the foregoing reasons, the Court adopts the Report in full. The Court awards De Jesus:

(1) Compensatory damages in the amount of $4,060.68, representing $2,642.64 in unpaid straight time wages and $1,418.04 in unpaid overtime wages;

(2) Liquidated damages in the amount of $4,060.68;

(3) Pre-judgment interest on De Jesus's compensatory damages ($4,060.68) to be calculated by the Clerk of Court, from October 8, 2020 through the date of entry of judgment;

(4) Post-judgment interest pursuant to 28 U.S.C. § 1961;

(5) Attorney's fees in the amount of $1,960; and

(6) Costs in the amount of $542.

3

The Court respectfully directs the Clerk of Court to terminate all pending motions and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: November 26, 2024
      New York, New York

4